<hr />

## THE PEOPLE v. RIVERA.

### APPEAL from the District Court of Arecibo.

No. 4.—Decided May 18, 1903.

APPEALS.—CRIMINAL ACTION.—An appeal may be taken to the Supreme Court in a criminal action amounting to a felony on questions of law.

ID.—JUDGMENT.—UNCONTRADICTED TESTIMONY.—In a criminal action it is the duty of the appellate court to review carefully all of the proceedings had and which have been submitted to its consideration, and a judgment based upon testimony, which was not contradicted in due time, must be accepted as correct.

STATEMENT OF THE CASE.

The hearing having been had in the criminal action prosecuted in the District Court of Arecibo by the People of Porto Rico against Eladio Rivera, charged with the crime of seduction, the case is now before this Supreme Court on appeal from a judgment of conviction. The aforesaid judgment, delivered December 2, 1902, contains the following:

"I.—*Fact proven:*—Eladio Rivera, about eighteen years of age, a resident of *barrio* "Jayuya", within the Municipal District of Utuado, entertained amourous intercourse with María Luisa Martínez, a young girl until then reputed to be chaste, and under promise of marriage had carnal intercourse with her. But as there continued to be obstacles to the undisturbed indulgence of his lust, he conceived the plan of marrying the said María Luisa to the *peón* Luis Maldonado, and then have her as his mistress, which plot, when everything had been prepared for the consummation thereof, was frustrated owing to María Luisa's resistance".

The aforesaid court declared that the facts proven consti-

autor Eladio Rivera y en atención á su poca edad, pues aparenta tener alrededor de 18 años, le condenó á la pena de mil dollars de multa ó un año de presidio, en el caso de que no pague la multa, y al pago de las costas.

*Resultando:* que contra esta sentencia interpuso la representación del acusado recurso de apelación, citando como infringidos los artículos 2 y 558 del Código Penal, votado por la Asamblea Legislativa de Puerto Rico y aprobado en 1.º de Marzo de 1902, puesto que no constando la fecha precisa en que dieron comienzo los jóvenes, bajo promesa de matrimonio, al comercio carnal determinante del delito de seducción, surge la duda en el ánimo, y entónces, según los principios generales del derecho, debe estarse á lo que sea favorable al reo, quien tiene á su favor la presunción legal de su inocencia, mientras no se pruebe lo contrario, según el artículo 236 del Código de Enjuiciamiento Criminal; y de ahí que desconociéndose el momento mismo en que comenzó el hecho punible que se persigue, debió aplicarse á este delito, que sería el de estupro, la legislación anterior, por ser más favorable, pero como se trata de un delito privado, solo sería perseguible en la forma que determina el artículo 467 del anterior Código, de donde resulta nulo y sin valor ni efecto, el procedimiento seguido y el fallo en su virtud pronunciado.

*Resultando:* que el Tribunal de Arecibo, después de notificar la sentencia al apelante, elevó las actuaciones y se personó aquél ante este Tribunal Supremo, en donde formalizó el recurso establecido, que fué impugnado por el Fiscal en representación de El Pueblo de Puerto Rico, teniendo lugar la vista el 22 de Abril, con informe de este último.

Abogado del apelante : *Sr. Tizol.*

Abogado del apelado : *Sr. del Toro*, Fiscal.

EL JUEZ ASOCIADO SR. FIGUERAS, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Considerando:* que el delito perseguido y penado en esta causa es el de *felony*, y por tal razón puede apelarse de la sentencia condenatoria, siempre que la apelación verse sobre

tute the crime of seduction, defined and punished by Section 261 of the Penal Code and that Eladio Rivera is guilty thereof, but taking into consideration his youth, as he appears to be about eighteen years of age he was adjudged to pay a fine of one thousand dollars, or in default thereof to suffer imprisonment in the penitentiary for one year, and costs.

From this judgment an appeal was taken by counsel for the defendant, who cited, as violated, Sections 2 and 558 of the Penal Code passed by the Legislative Assembly of Porto Rico and approved March 1, 1902, inasmuch as the exact date on which the said young couple began to have carnal intercourse under promise of marriage, which constitutes the crime of seduction, not being stated, a doubt arises in the mind, and the accused should have the benefit of said doubt, according to the general principles of law, the legal presumption of innocence being in his favor until the contrary is proven, as provided by Section 236 of the Code of Criminal Procedure. Hence, inasmuch as it is not known when the punishable act began, the prior law, because more favorable, should be applied to this offense, which is that of rape, but as it is a private offense which is under consideration, the offender can be prosecuted only in the manner prescribed by Art. 467 of the former code, and therefore the proceedings had and judgment rendered therein are null and void.

The Court of Arecibo, after serving the appellant with notice of the judgment, forwarded the record to the Supreme Court, where said appellant appeared and formulated his appeal which was opposed by the *Fiscal,* on behalf of the People of Porto Rico. The hearing was had on April 22nd, the *Fiscal* presenting his argument.

*Mr. Tizol,* for appellant.

*Mr. del Toro, Fiscal,* for respondent.

MR. JUSTICE FIGUERAS, after making the above statement of facts, delivered the opinion of the court.

una cuestión de derecho, según el artículo 345 del Código de Enjuiciamiento Criminal.

*Considerando:* que dado el espíritu del Código moderno de Enjuiciamiento Criminal, y la naturaleza del recurso establecido, este Tribunal tiene el deber de fijar su atención en todo lo actuado y que para su consideración se le remite, y del exámen resulta que en la acusación fiscal se afirma que el hecho delictivo tuvo lugar después del primero de Julio del año anterior, afirmación que no fué contradicha á su debido tiempo y por consiguiente hay que aceptar como correcto el procedimiento y el fallo que en su virtud se dictara, en el cuál no se ha cometido ningún error de derecho, y por consiguiente debe quedar subsistente en todas sus partes. Vistas las disposiciones citadas en el fallo y los artículos 367 y 368 del Código de Enjuiciamiento Criminal.

*Fallamos:* que debemos confirmar y confirmamos, con costas, la sentencia apelada y que dictó la Corte de Distrito de Arecibo en 2 de Diciembre del año anterior; cúmplase y acátese la original, tómese nota de la que hoy se dicta en el libro de actas, y desde luego remítase copia certificada de dicha anotación al Secretario de la Corte de Arecibo.

The crime prosecuted and punished in this case is a felony, and therefore an appeal may be taken from the judgment of conviction, provided the appeal be based upon a question of law, according to Section 345 of the Code of Criminal Procedure.

Having in mind the spirit of the present Code of Criminal Procedure, and the nature of the appeal taken, it is the duty of the court to look carefully into all the proceedings had and which have been submitted to its consideration. From an examination of the record it appears that in the *Fiscal's* information it is charged that the punishable act was committed after July 1, 1902, an allegation which has not been in due time contradicted, and for this reason the proceedings had and the judgment rendered thereunder, in which no error of law has been committed, must be accepted as correct, and therefore said judgment should be affirmed in all its parts.

In view of the provisions cited in the judgment and Sections 367 and 368 of the Code of Criminal Procedure, we adjudge that we should affirm and do affirm, the judgment appealed from, rendered by the Arecibo Court on Deecmber 2nd of the year last past, with costs. It is hereby ordered that the original thereof be complied with and executed; that a memorandum of the one now rendered be entered in the minute-book, and that a certified copy of said memorandum be forwarded to the Secretary of the Arecibo Court.

Messrs. Chief Justice Quiñones, and Associate Justices Hernández, Sulzbacher, and MacLeary, concurring.